# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DUWANE SMITH,
           Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
           Agency.

DOCKET NUMBER
SF-315H-16-0544-I-1

DATE: July 6, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Duwane Smith</u>, Pacific, Washington, pro se.

<u>Martha A. Boden</u>, Esquire, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Board appeal of his probationary termination for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 On July 26, 2015, the Social Security Administration (the agency) appointed the appellant to the competitive-service Legal Assistant position. Initial Appeal File (IAF), Tab 6 at 29. The appellant's prior Federal service included a 4-year, competitive-service appointment to the Medical Support Assistant (MSA) position with the Department of the Army. IAF, Tab 4 at 16; Petition for Review (PFR) File, Tab 1 at 20, 23. That appointment was followed, without a break in service, by an excepted-service temporary appointment, not to exceed 1-year, as a Student Trainee with the Department of Homeland Security, Immigration and Customs Enforcement (ICE). IAF, Tab 4 at 16; PFR File, Tab 1 at 24. Pursuant to a settlement agreement, the appellant voluntarily resigned from the Student Trainee appointment in lieu of termination, effective July 13, 2015, and ICE purged his personnel file of the termination record. PFR File, Tab 1 at 25, 30.

¶3 Unaware of the circumstances of the appellant's resignation, the agency appointed him to the Legal Assistant position, subject to a 1-year probationary

period, 13 days after his separation from ICE.  PFR File, Tab 1 at 25-26, Tab 3 at 20; IAF, Tab 6 at 29.  Ten months into the appellant's probationary period, the agency separated him upon determining that he fraudulently received unemployment benefits after becoming employed by the agency.  IAF, Tab 1 at 7, Tab 4 at 22.   The appellant filed a timely Board appeal, challenging his termination on the merits and procedural grounds.  IAF, Tab 1 at 2.

¶4      The administrative judge informed the appellant of his jurisdictional burden.  IAF, Tab 2 at 2-5.  In response, the appellant argued that, because he had already served a probationary period during his MSA appointment, the Board had jurisdiction over his appeal.  IAF, Tab 4 at 7.  In the alternative, the appellant alleged that the Board had jurisdiction over his appeal because his Legal Assistant and Student Trainee appointments jointly yielded 1 year of "current continuous service" under 5 U.S.C. § 7511(a)(1)(A)(ii), or because he performed the same duties at ICE and the agency, his service as a Student Trainee could be tacked onto his service as a Legal Assistant under 5 C.F.R. § 315.802(b).  IAF, Tab 4 at 5, Tab 8 at 9.  As alternative bases for Board jurisdiction, the appellant alleged that he was a preference eligible who met the definition of "employee" under 5 U.S.C. § 7511(a)(1)(C)[2] and that his termination was based on marital status or  preappointment reasons.  IAF, Tab 4 at 5-11, Tab 8 at 5, 12.

¶5      In an initial decision, the administrative judge found that the appellant was not an "employee" with chapter 75 appeal rights.  IAF, Tab 10, Initial Decision (ID) at 4-7.  She then found that he was a probationer who failed to make a nonfrivolous allegation that his termination was based on marital status or preappointment reasons and dismissed his appeal for lack of jurisdiction without holding his requested hearing.  ID at 1, 8-9; IAF, Tab 1 at 1.

---

[2] This section applies to "an individual in the excepted service (other than a preference eligible)."  5 U.S.C. § 7511(a)(1)(C).

¶6    The appellant petitioned for review, rearguing the merits of his claim and offering additional evidence and arguments.  PFR File, Tab 1 at 5-16, 20-22, 24, 29-34.  The agency responded by disputing the appellant's claims and arguing that his additional evidence and arguments are not new under 5 C.F.R. § 1201.115(d) because the information was available to him before the issuance of the initial decision and could have been raised with the administrative judge below.  PFR File, Tab 3 at 8-16.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The agency is correct that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  However, we have considered the new evidence and arguments to the extent that they are relevant to the issue of Board jurisdiction, a matter that can be raised at any time during the Board's proceedings.  *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016).

¶8    An "employee," as defined under 5 U.S.C. § 7511(a), may appeal his removal from employment to the Board under 5 U.S.C. chapter 75.  5 U.S.C. §§ 7701(a), 7512(1), 7513(d); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1340-41 (Fed. Cir. 2002).  For purposes of the competitive service, an "employee" includes an individual "who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."  5 U.S.C. § 7511(a)(1)(A)(ii).  "Current continuous service" means a period of Federal civilian employment, either in the competitive or excepted service, which immediately precedes the adverse action at issue without a break in service of a workday.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011); *see Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1160 n.1 (Fed. Cir. 2018) (holding that the Office of Personnel

Management's regulation defining current continuous employment at 5 C.F.R. § 752.402 is entitled to *Chevron* deference, along with recognizing that while the statute uses the term "service" and the regulation uses the term "employment," the court has treated the regulation as interpreting "current continuous service"); 5 C.F.R. § 752.402. While "current continuous service" need not be in the same or similar position for an individual in the competitive service to qualify as an employee under 5 U.S.C. § 7511(a)(1)(A)(ii), a period of employment that contains an intervening temporary appointment cannot qualify as "continuous service" under the statute. *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶¶ 10, 14 (2005); *Williams v. Department of Defense*, 96 M.S.P.R. 335, ¶¶ 12-13 (2004).

¶9        In contrast, for purposes of regulatory tacking onto prior service to complete a probationary period, a prior temporary appointment and a single break in service that does not exceed 30 calendar days are permissible, provided that the prior service was with the same agency and in the same line of work. *Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶ 9 (2006); 5 C.F.R. § 315.802(b); *see McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶¶ 10-12 (2006) (finding that competitive-service tacking rules apply to excepted-service appointments), *called into question on other grounds by Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶¶ 17-18 (2013).

¶10       Here, the appellant's 1-year period immediately preceding his termination contained:  (1) the last 2 months of his 4-month temporary appointment to the Student Trainee position, which qualified as a break in service for purposes of the "current continuous service" analysis; and (2) an actual 13-day break in service between the Student Trainee and Legal Assistant appointments.[3]   *Williams*,

---

[3] The appellant's reliance on the agency's confusion about the circumstances of his resignation from ICE is misplaced.  PFR File, Tab 1 at 11-12, 26, Tab 3 at 20; *see Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 17 (2017) (observing that the parties cannot confer jurisdiction on the Board if none otherwise exists), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018).

96 M.S.P.R. 335, ¶¶ 12-13; IAF, Tab 4 at 16, Tab 6 at 18, 29; PFR File, Tab 1 at 24-25, 28. Therefore, we agree with the administrative judge that the appellant did not have 1 year of current, continuous service and was not an "employee" under section 7511(a)(1)(A)(ii).[4] ID at 6-7; *see Maibaum*, 116 M.S.P.R. 234, ¶ 14; *Williams*, 96 M.S.P.R. 335, ¶¶ 12-13.

¶11    Analogously, the appellant cannot rely on 5 C.F.R. § 315.802(b) to tack his Student Trainee appointment onto his Legal Assistant appointment. Regardless of the appellant's claim that he performed the same duties at ICE and at the agency, IAF, Tab 6 at 29; PFR File, Tab 1 at 11, 24, he cannot meet the regulatory requirement because these two appointments were with different agencies. *Ellefson*, 98 M.S.P.R. 191, ¶ 16. Therefore, we agree with the administrative judge that the Board lacks chapter 75 jurisdiction over the appellant's removal. ID at 5.

¶12    An individual terminated during a probationary period has the right to appeal to the Board if the termination was taken for a preappointment reason or was based on marital status or partisan political reasons. 5 C.F.R. §§ 315.805, 315.806(a)-(c). For claims asserting termination on the basis of marital status, the Board has indicated that an appellant must provide supporting facts showing that the allegations are not merely pro forma. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 7 (2016), *aff'd*, 679 F. App'x 1006 (Fed. Cir. 2017). If an appellant's claim is limited to conjecture about animus toward him as an unmarried male, such a claim does not amount to a nonfrivolous allegation of jurisdiction. *Bedynek-Stumm v. Department of Agriculture*, 57 M.S.P.R. 176, 179

---

[4] The appellant's status as a preference eligible does not alter this analysis. While subsections 7511(a)(1)(B) and (C), which govern the excepted service, have different requirements concerning preference eligible and nonpreference eligible appointees, *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012); *Maibaum*, 116 M.S.P.R. 234, ¶ 9, the provisions governing the competitive service do not differentiate between appointees on the basis of their preference eligibility, 5 U.S.C. § 7511(a)(1)(A)(i)-(ii).

(1993). Here, the appellant asserted below that his supervisor "played favoritism" with a married coworker. IAF, Tab 8 at 12; PFR File, Tab 1 at 15. Because such a pro forma allegation is insufficient, we agree with the administrative judge that the appellant failed to nonfrivolously allege jurisdiction.[5] ID at 9.

¶13     The appellant also argues that he was terminated for a preappointment reason because the unemployment benefits he received after becoming employed by the agency resulted from an application he filed prior to his agency appointment. PFR File, Tab 1 at 14-15. We disagree. The agency terminated the appellant after receiving notice from the Washington State Employment Security Department (ESD) that appellant failed to report his earnings from the agency to the ESD and had, after his hire, fraudulently received $2,338.00 in unemployment benefits. IAF, Tab 1 at 7, Tab 6 at 21-22. Therefore, we find that the administrative judge correctly found that the appellant's termination was not based on a preappointment reason. ID at 8.

¶14     Because the appellant has not alleged that his termination was based on partisan political reasons, and given that his residual claims of due process violation, harmful procedural error, and discrimination do not provide an independent source of Board jurisdiction, we discern no reason to disturb the initial decision. *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over a claim of harmful error, discrimination, or other prohibited personnel practice); *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 15 (2006) (making the same finding as to a due process claim).

---

[5] The appellant's allegation on review that "the married men on [his supervisor's] team left the agency," detracts from, rather than supports, his claim that his supervisor favored married, male employees over single, male employees. PFR File, Tab 1 at 15.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for
_____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.